YELVERTON, Judge.
This case comes to us from efforts by the Louisiana Department of Public Safety to suspend the driver’s license of Russell W. Grantham for a 1991 DWI conviction in the state of Georgia. The trial judge held that the Department did not have the statutory authority to suspend the license. The Department appealed. We affirm.
There’ are two statutory bases which the Department says gives it authority to suspend in this case.
One is La.R.S. 32:1420, the Driver License Compact law. Articles III and IV of the Compact give Louisiana, as the home state, the authority to give the same effect to a DWI reported from another party state, as it would if such conduct had occurred in the home state.
The problem with relying on this law as its authority to suspend is that there is no proof in the record that Georgia is a party state. Georgia is in fact probably not a party state, if the list of states passing complementary legislation in the historical and statutory notes following the Driver License Compact is reliable.
The other statutory basis on which it relies is La.R.S. 32:414 A.(l). The statute as it stood at the time Grantham got his Georgia DWI conviction did not authorize a suspension for convictions in other states. The statute was amended by the Louisiana Legislature by Act 941 of 1992 to take out the limiting language “within the territorial limits of the state”, and to specifically authorize the suspension for convictions in courts of other states. The 1992 amendment, of course, cannot apply retroactively to Grantham.
The trial judge was correct. The judgment is affirmed.
AFFIRMED.